IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy S., Jr.,[1] ) | C/A No.: 1:21-3031-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Kilolo Kijakazi, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Plaintiff's motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). [ECF No. 21]. On May 2, 2022, the court issued an order reversing the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanding the action for further administrative proceedings. [ECF No. 19]. On May 10, 2022, Plaintiff filed this motion seeking $4,362.48 in attorney fees. [ECF No. 21]. Because judgment was entered in this case on May 10, 2022, Plaintiff's motion was prematurely filed.[2] However, the Commissioner filed a response

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] The "EAJA requires prevailing parties seeking an award of fees to file with the court, '*within thirty days of final judgment in the action*,' an application for fees and other expenses." *Melkonyan v. Sullivan*, 501 U.S. 89, 103 (1991) (emphasis in original), citing 28 U.S.C. § 2412(d)(1)(B). In *Melkonyan*, 501 U.S. at 102, the Supreme Court clarified that for cases remanded pursuant to

indicating she did not oppose payment of the requested fee. [ECF No. 22]. Therefore, the court excuses the premature filing in the interest of judicial economy and in light of the Commissioner's response. Given the parties' agreement and Plaintiff's attorney's representations in his motion and in accordance with 28 U.S.C. § 2412(a) and § 2412(d), the court grants the motion and directs the Commissioner to pay Plaintiff $4,362.48. This payment shall constitute a complete release from and bar to any further claims that Plaintiff may have under the EAJA to fees, costs, and expenses incurred in connection with disputing the Commissioner's decision. This award is without prejudice to the rights of Plaintiff's counsel to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

Under *Astrue v. Ratliff*, 560 U.S. 586, 595–97 (2010), EAJA fees awarded by this court belong to Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Therefore, the

---

sentence four of 42 U.S.C. § 405(g) "the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable." For actions in which a United States agency is a party, Fed. R. App. P. 4(a)(1)(B) provides that a notice of appeal may be filed within 60 days after entry of the judgment.

court orders the EAJA fee be paid to Plaintiff through payment delivered to Plaintiff's counsel.[3]

IT IS SO ORDERED.

May 24, 2022                                        Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

---

[3] Plaintiff's counsel may disburse these funds to satisfy valid liens or in accordance with a lawful assignment.

3